# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-1201V
Filed: September 1, 2016
Not for Publication

```
*************************************
A.G., a Minor, by and Through        *
his Parent and Natural Guardian,     *
JORGE GUTIERREZ,                     *
                                     *
               Petitioner,           *    Damages decision based on
                                     *    stipulation; human-papillomavirus
v.                                   *    ("HPV") vaccine; transverse
                                     *    myelitis ("TM")
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
               Respondent.           *
                                     *
*************************************
```

<u>Maximillian J. Muller</u>, Dresher, PA, for petitioner.
<u>Debra A. Filteau Begley</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES[1]

On September 1, 2016, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms.  Petitioner alleges that the human-papillomavirus ("HPV") vaccine his minor son A.G. received on March 28, 2013 caused A.G. to develop transverse myelitis ("TM").   Petitioner further alleges that A.G. experienced the residual effects of these injuries for more than six months.  Respondent denies that A.G.'s HPV vaccine(s) caused him to develop TM or any other injury.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

Nonetheless, the parties agreed to resolve this matter informally. The undersigned finds the terms of the stipulation to be reasonable. The court adopts the parties' attached stipulation and awards compensation in the amount and on the terms set forth in the stipulation. Pursuant to the stipulation, the court awards:

a. a lump sum payment of **$2,903.44** representing compensation for full satisfaction of the State of Oklahoma Medicaid lien. This payment shall be in the form of a check payable jointly to petitioner and:

> Oklahoma Health Care Authority
> Attn: Jayna Sims
> 4345 N. Lincoln Blvd.
> Oklahoma City, OK 73105
> Soonercare # 042133250

Petitioner agrees to endorse this payment to Oklahoma Health Care Authority; and

b. An amount sufficient to purchase the annuity contract described in paragraph 10 of the attached stipulation, paid to the life insurance company from which the annuity will be purchased. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: September 1, 2016                                s/ Laura D. Millman
                                                        Laura D. Millman
                                                        Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

```
*************************************
A.G., a minor, by and through his   *
parent and natural guardian,        *
JORGE GUTIERREZ,                    *
                                    *
                Petitioner,         *       No. 14-1201V
                                    *       SPECIAL MASTER
                                    *       LAURA D. MILLMAN
v.                                  *
                                    *
SECRETARY OF HEALTH AND             *
HUMAN SERVICES,                     *
                                    *
                Respondent.         *
*************************************
```

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of his son, A.G., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to A.G.'s receipt of the Human Papillomavirus ("HPV") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. A.G. received HPV immunizations on January 28, 2013, March 28, 2013, and December 3, 2013.

3. These vaccines were administered within the United States.

4. Petitioner alleges that A.G. developed transverse myelitis ("TM") that was caused-in-fact by his March 28, 2013, HPV vaccination, and that he has experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of A.G. as a result of his condition.

6. Respondent denies that A.G.'s TM, or any other condition, was caused-in-fact by his HPV vaccinations.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. a lump sum payment of $2,903.44, representing compensation for full satisfaction of the State of Oklahoma Medicaid lien, in the form of a check payable jointly to petitioner and:

   Oklahoma Health Care Authority
   Attn: Jayna Sims
   4345 N. Lincoln Blvd.
   Oklahoma City, OK 73105
   Soonercare # 042133250

Petitioner agrees to endorse this payment to Oklahoma Health Care Authority; and

   b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company"). This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

2

    b.    Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10.    The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of A.G., pursuant to which the Life Insurance Company will agree to make a payment to A.G. for all damages that would be available under 42 U.S.C. § 300aa-15(a), as follows:

On November 18, 2019, payment of a single lump sum of $142,899.54.

The payment provided in this paragraph 10 shall be made as set forth above. Should A.G. predecease the payment on the date specified above, the payment shall be made to his estate. However, petitioner shall provide written notice to the Secretary of Health and Human Services and to the Life Insurance Company within twenty (20) days of A.G.'s death.

11.    The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amount set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure the future annuity payment. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to the future annuity payment.

3

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation as part of the annuity contract, will be used solely for the benefit of A.G. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of A.G's estate under the laws of the State of Oklahoma.

17.     In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity and as legal representative of A.G., on behalf of himself, A.G., and his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of A.G. resulting from, or alleged to have resulted from, the HPV vaccinations administered on January 28, 2013, March 28, 2013, and December 3, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about December 12, 2014, in the United States Court of Federal Claims as petition No. 14-1201.

18.     If A.G. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20.     This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly

stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that A.G.'s TM, or any other condition, was caused-in-fact by his HPV vaccinations.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of A.G.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*[signature]*

JORGE GUTIERREZ

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*

MAXIMILLIAM J. MULLER
Counsel of Record for Petitioner
Muller Brazil, LLP
715 Twinning Road, Suite 107
Dresher P.A. 19025
(215) 885-1655

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*[signature] For*

NARAYAN NAIR, M.D.
Acting Director
Division of Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: 1 September 2016

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Debra A. Filteau Begley by Althea Walker Davis [signature]*

DEBRA A. FILTEAU BEGLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4181